```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DENISE WILLIAMS,
                         Plaintiff,
                                                    ORDER
            -against-                               10-CV-1763(JS)(ETB)

DAVIS VISION,

                         Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Denise Williams, Pro Se
                   P.O. Box 1048
                   Copiague, New York 11726

For Defendant:     No Appearances.
```

SEYBERT, District Judge:

On April 14, 2010, pro se plaintiff Denise Williams ("Plaintiff") filed her Complaint together with an application to proceed in forma pauperis in the United States District Court for the Southern District of New York. By Transfer Order also dated April 14, 2010, her action was transferred to this Court. On April 22, 2010, Plaintiff filed an Application for the Appointment of Pro Bono Counsel and filed an updated in forma pauperis application. Upon review of the declaration accompanying Plaintiff's application, Plaintiff's request to proceed in forma pauperis is granted and, for the reasons that follow, her request for the appointment of pro bono representation by counsel is denied at this time.

## DISCUSSION

I.  In Forma Pauperis Application

To qualify for in forma pauperis status, the Supreme

Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependants with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted).

Here, Plaintiff states in her declaration that she is presently unemployed and does not have any money. Plaintiff's declaration meets this standard. Accordingly, Plaintiff's motion to proceed in forma pauperis is granted. The United States Marshal Service is directed to serve the Complaint upon the Defendant without prepayment of the filing fee.

II. Application For The Appointment Of Pro Bono Counsel

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 986, 112 S. Ct. 596, 116 L. Ed. 2d 620 (1991). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 61. Where a plaintiff satisfies this threshold requirement, the Second Circuit

instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

In the instant case, Plaintiff's Complaint alleges employment discrimination pursuant Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166. More specifically, Plaintiff claims that the Defendant retaliated against her on the basis of her race, color and gender. Given the requirement that pleadings drafted by a pro se litigant, such as Plaintiff, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court declines to find at this stage that Plaintiff's claims lack substance.

The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. The record reflects that the legal issues presented are not unduly complex and that the Plaintiff can adequately prosecute her claims pro se. Based on this review, Plaintiff's motion for the appointment of counsel is denied without prejudice with leave to

renew once this case is ready for trial. It is the Plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. See 28 U.S.C. § 1654.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  22 , 2010
       Central Islip, New York